**TEXAS BITULITHIC, INC., Relator,**

v.

**Alma SMITH et al., Respondents.**

**Motion No. 72–33.**

Court of Civil Appeals of Texas, Texarkana.

June 20, 1972.

Rehearing Denied July 18, 1972.

Schuyler B. . Marshall, Thompson, Knight, Simmons & Bullion, Dallas, for relator.

Randy Taylor, Dallas, for respondents.

CHADICK, Chief Justice.

Relator Texas Bitulithic Inc., describing itself as a defendant, filed its motion to affirm on certificate the judgment of the District Court of Lamar County in Cause No. 30255–B, styled "Marvin K. Baughn et al., Plaintiffs, v. Hilda Sinesh, et al, Defendants," in which final judgment was rendered October 29, 1971.

Counsel for the parties in this court are in agreement on the procedural posture of the case at this time. The trial court entered a take nothing judgment denying recovery to J. D. Keys, individually and on behalf of his minor son, Charles Dale Keys; Lilly Cockrum, individually and on behalf of her minor son, Marvin K. Baughn; Alma Smith and Mrs. R. H. Sullivan, individually and on behalf of their minor granddaughter and daughter, Gena Smith; J. W. Larkin individually and on behalf of his minor son, Chris Larkin; and Virginia E. Andrews, individually and on behalf of her minor daughter, Geri Andrews. The amended motion for new trial filed by these parties was overruled by operation of law on January 8, 1972. Over seventy-five days have elapsed since the motion for new trial was overruled, and no party has filed an application in this court for an extension of time in which to file in this court either a transcript or statement of fact.

In oral argument opposing Texas Bitulithic Inc's. motion, counsel for the respondent parties denominated only as Smith and Andrews, directed attention to the circumstance that an affidavit of inability to pay cost of appeal or post security therefor was timely filed in the trial court, but that no order or judgment decisive thereof had been entered prior to April 6, 1972. Argument was made that the trial judge's failure to act upon the affidavit within seventy-five days after motion for new trial was overruled inhibited and paralyzed further action on behalf of the respondents. Argument in this respect is summed up in an affidavit filed by respondents' counsel, wherein it is stated:

"Affiant would further show that although the trial court ruled that Plaintiffs Smith and Andrews were entitled to the transcript and record in the above styled and numbered cause without paying for same or posting security therefor, as they were paupers, that this ruling was not made until well after, as hereinabove stated, the date that the application for extension of time to file the transcript herein was due and that therefore Plaintiffs could not have filed a motion for extension of time to file that (the transcript herein) which they did not have, and did not have the money to pay for, and at that time did not even know that they were entitled to because the Court had yet to make a ruling on the question."

Failure to apply for extension of time in which to file a transcript and statement of fact under the provisions of Tex.R.Civ.P.,

386 was justified, it was insisted in oral argument, because counsel could not with certainty state in an application for extension when, if ever, the transcript or statement of fact would or might be tendered for filing in the Court of Civil Appeals; that the trial judge's failure to rule at an earlier date on the inability to pay cost affidavit cast the respondents' appeal into a legal limbo which suspended effectual action by the respondents.

■ Filing time and extensions thereof are governed by Rule 386. The rule permits flexibility in the time for filing a transcript or statement of fact in the Court of Civil Appeals. It requires nothing more than reasonable diligence in applying for an extension and good cause to excuse filing of such documents within sixty days from the rendition of the final judgment or order overruling a motion for new trial. Though the respondents may have felt inhibited, deprived and powerless to act in their own interest by delay in judgment on their inability to pay cost affidavit, the existing circumstance in nowise prevented an application for an extension in accordance with the requirements of Rule 386. As to good cause, the rule does not require, in a case such as this, a showing or promise that the transcript or statement of fact will be forthcoming or tendered on a date certain. All that would have been required of the respondents would have been a showing that such document or documents could not be procured pending decision on the inability to pay cost affidavit, that failure to secure decision was not due to a dereliction on their part and that diligent effort was being expended to obtain the documents. Perhaps other factors might be injected into the question of good cause under other circumstances but discussion is here confined to the record before the court.

The motion of Texas Bitulithic, Inc., is granted and the judgment awarded such party in the trial court is affirmed.

DAVIS, J., not participating.